IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH A. KELLER,

    Plaintiff,

vs.                                                                       CIV No. 00-1667 MV/LFG

BOARD OF EDUCATION OF THE
CITY OF ALBUQUERQUE, NEW
MEXICO, and BRADFORD ALLISON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff's motion for an order remanding her New Mexico Human Rights Act claim to the State of New Mexico Second Judicial Court **[Doc. No. 12]**, filed January 29, 2001. The Court, after considering the motion, response, relevant law and otherwise being fully informed, finds that the motion is not well taken and will be **denied.**

### BACKGROUND

Plaintiff brought this action against defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Plaintiff's complaint seeks damages under Title VII ("Title VII") of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e-2, and 2000e-5, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12117, 12132, 12133, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 and 626, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, the New Mexico Human Rights Act ("NMHRA") N.M. Stat. Ann. §§ 28-1-1 *et seq.*, and state contract law.

Plaintiff claims that the NMHRA claim is brought as a de novo appeal pursuant to N.M. Stat. Ann. § 28-1-13. Plaintiff claims that under the NMHRA, the "jurisdiction of the district court is exclusive." Plaintiff contends that because the NMHRA vests exclusive jurisdiction to hear appeals from the New Mexico Human Rights Commission in the State District Court of the county where the discriminatory practice occurred or where the respondent does business, *see* N.M. Stat. Ann. § 28-1-13, this Court lacks subject matter jurisdiction over the claim and cannot therefore exercise supplemental jurisdiction.

Defendants argue that the NMHRA does not abrogate federal jurisdiction. Additionally, defendants argue that this purely jurisdictional issue does not fall within the exceptions under 28 U.S.C. § 1367 such that this Court may decline to exercise supplemental jurisdiction as a matter of discretion.

## DISCUSSION

### I. New Mexico Does Not Have Exclusive Jurisdiction

Plaintiff argues that the Second Judicial District for the State of New Mexico has exclusive jurisdiction over her NMHRA appeal. Section 28-1-13 of the NMHRA provides:

> Any person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within thirty days from the date of service of the commission's order.
> ... The jurisdiction of the district court is exclusive and its judgment is final.

N.M. Stat. Ann. § 28-1-13. While the Court agrees that the exclusivity language of the NMHRA is clear and unambiguous, the Court concurs with Chief Judge Parker, then District Judge Baldock, Magistrate Judge Garcia and Magistrate Judge Puglisi who have concluded that this provision of the NMHRA is preempted by the Judicial Improvement Acts of 1990, as codified in

28 U.S.C. § 1367(c).

Section 1367 states that:

Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367 (emphasis added).  This statute plainly applies to this case.  Plaintiff's state law claim arises out of the same case and controversy as her federal claims.  There is no federal statute that deprives this court of supplemental jurisdiction.  Further, as defendants correctly note, plaintiff's jurisdictional argument does not fall within the exceptions in sections (b) or (c).  Finally, the statute states that the district court *shall* have supplemental jurisdiction.  Thus, this statute directly conflicts with NMHRA § 28-1-13.

As Judge Parker, citing Judge Baldock, stated in *Vega v. Hill*, No. CIV 96-1164 JP/RLP, slip op. at 3 (D.N.M. February 10, 1997), states may not abrogate a federal district court's ability to exercise pendent jurisdiction.  In *Vega*, Judge Parker was faced with the same provision of the NMHRA and determined that the exclusivity clause was ineffective against a federal court's proper exercise of supplemental jurisdiction.  Judge Parker followed the reasoning of then District Judge Baldock, who found in *Wojciechowski v. Harriman*, 607 F. Supp. 631 (D. N.M. 1985) that the exclusivity clause contained in the New Mexico Tort Claims Act violated the Constitution of the United States.  Judge Baldock "reasoned in part that a state may not limit a federal court's pendent jurisdiction because it derives from the Constitution and, therefore, the supremacy clause prohibits a state from restricting that jurisdiction." *Vega* at 3 (citing *Wojciechowski,* 607 F. Supp. at 634-35).  *See also Scott v. School District No. 6*, 815 F. Supp. 424, 428 (D. Wyoming 1993); *Thompkins v. Stuttgart School District #22*, 787 F.2d 439, 442 (8th Cir. 1985).  The Court finds

the reasoning of those cases persuasive and agrees that NMHRA § 28-1-13 is preempted by 28 U.S.C. § 1367 and is therefore ineffective.

The cases plaintiff cites are inapplicable to this case. In *McKay v. United States*, 703 F.2d 464 (10th Cir. 1983), and *Hahn v. United States*, 757 F.2d 581 (3d Cir. 1985), the Courts were deciding whether the District Court could exercise pendent jurisdiction over a Tucker Act claim. Under the Tucker Act, claims which are more than $10,000 and do not sound in tort are within the exclusive jurisdiction of the Claims Court. However, the Tucker Act is a federal statute. As such, there was no conflict between a state law requiring exclusive jurisdiction for state courts and a federal law granting pendent jurisdiction. Therefore, neither case stands for the proposition that a state law may abrogate the federal courts of jurisdiction.

## II.  Supplemental Jurisdiction is Proper

A district court has discretion whether to exercise supplemental jurisdiction over state law claims once the federal question has been dismissed. 28 U.S.C. § 1367(c). "However, that discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Anglemyer v. Hamilton County Hospital,* 58 F.3d 533, 541 (10th Cir. 1995) (quoting *Thatcher Enter. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)). The Court finds that it is fair, convenient and efficient for it to exercise supplemental jurisdiction over plaintiff's NMHRA claims in this case. Remanding that claim to the state court would waste precious judicial resources, place additional unnecessary costs on both parties, and result in a possible award of double recovery for the plaintiff. *See Vega* at 5, n.2.

The only argument plaintiff makes for denying supplemental jurisdiction is that the

exclusivity provision raises a novel and complex issue of state law, and that this Court should give the New Mexico courts an opportunity to interpret its own law. However, the issue of the exclusivity of the NMHRA is more properly a question of federal interpretation. It does not involve issues of state law; rather, as was done in this case and by every other judge in this District that has been faced with the question, it involves an application of the federal Constitution and a federal statute. Therefore, there being no reason not to exercise supplemental jurisdiction, and many reasons in favor, the Court will hear plaintiff's NMHRA claim.

IT IS THEREFORE ORDERED that plaintiff's motion for an order remanding her New Mexico Human Rights Act claim to the State of New Mexico Second Judicial Court **[Doc. No. 12]**, filed January 29, 2001 is not well taken and is hereby **denied.**

Dated this 12th day of June, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff
Paul Kennedy, Mary Y.C. Han

Attorney for Defendant
S. Charles Archuleta