IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH A. KELLER,

    Plaintiff,

vs.                                                                                                      CIV No. 00-1667 MV/LFG

BOARD OF EDUCATION OF THE
CITY OF ALBUQUERQUE, NEW
MEXICO, and BRADFORD ALLISON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Defendant's Motion to Certify for Interlocutory Appeal, filed December 3, 2001 **[Doc. No. 60]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

### BACKGROUND

This case arises from Defendants' removal of Plaintiff Dr. Judith Keller from her position as Assistant Superintendent of Human Resources for the Albuquerque Public Schools ("APS"). Plaintiff's complaint seeks damages under Title VII ("Title VII") of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e-2, and 2000e-5, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12117, 12132, 12133, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 and 626, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, the New Mexico Human Rights

Act ("NMHRA") N.M. Stat. Ann. §§ 28-1-1 *et seq.*, and state contract law. Specifically, Plaintiff alleges that she was removed due to her proximity to retirement, due to her announcement of her diagnosis of breast cancer, and due to her age and gender.

Defendants moved for summary judgment on a variety of issues. In that motion, defendants had sought, *inter alia*, determinations that (1) Plaintiff could not recover emotional distress damages on her breach of contract claims, (2) Plaintiff's wage and benefit damages were limited, due to the time limitations on her employment contract, and (3) a number of Plaintiff's claims under the ADA, ADEA, NMHRA and Title VII were untimely. In this Court's Memorandum Opinion and Order, dated November 20, 2001 **[Doc. No. 59]**, Defendants' Amended Motion for Summary Judgment **[Doc. No. 42]** was granted in part. However, this Court declined to make these three requested determinations, finding each to involve either questions of fact or mixed questions of fact and law. The Defendants now seek certification for interlocutory review of this Court's decisions on these issues. For the reasons that follow, the Defendants' motion will be denied.

## ANALYSIS

## I. STANDARD FOR INTERLOCUTORY APPEALS

With few exceptions, a federal appellate court's jurisdiction is limited to appeals from "final decisions" of the federal district courts. This "final judgment rule" is the foundation of federal appellate jurisdiction, which holds that appeal should lie only from an order which terminates litigation at the trial stage. 28 U.S.C. § 1291; *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737 (1976). This restriction prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of a single controversy. *Eisen v. Carlisle,* 417 U.S. 156, 179

(1974). The final judgment rule eliminates wasteful delay in the trial court and conserves judicial resources.

The Interlocutory Appeals Act of 1958 provides an exception to the finality rule. With the Act, Congress provided a bi-level procedure for establishing appellate jurisdiction to review non-final orders in civil actions. Note, *Interlocutory Appeals in the Federal Courts under 28 U.S.C. § 1292(b),* 88 HARV. L. REV. 607, 609 (1975). In 1952, the Judicial Conference of the United States discussed the proposed Act that incorporated the present language of §1292 (b). This discussion emphasized the need for a narrow standard governing interlocutory appeals and the need for a procedural mechanism which would both avoid opening the door to frivolous, dilatory, or harassing interlocutory appeals and to prevent undue consumption of the time of appellate courts in considering jurisdictional issues. *Kraus v. Bd. of County Road Comm'rs, 364 F.2d 919, 922 (6th Cir. 1966); Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993); *Kearney v. Jandernoa,* 979 F. Supp. 1156, 1158 (D. Mich. 1997), *Note, supra,* at 610. The policy of preserving judicial resources underlying § 1292 (b) also discourages serial appeals. *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982).

Therefore, appeals pursuant to §1292(b) should be sparingly granted. In *Utah State Dep't. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.1994), the Tenth Circuit cited a report by a Tenth Circuit committee which addressed the scope of §1292 (b): "Our recommendation is founded upon the premise that the enlargement of the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decisions of controlling questions encountered early in the action."

Interlocutory appeals may be granted in the district court's discretion. Once an order is

3

certified by the district court, a party must then make application to the court of appeals for leave to appeal. 28 U.S.C. §1292(b). In order to obtain judicial permission to appeal pursuant to §1292 (b), the petitioner must show that: 1) the question involved is one of law, 2) the question is controlling, 3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision and 4) an immediate appeal would materially advance the ultimate termination of the litigation. *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269 (10th Cir. 1994); *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir. 1974). These requirements should be stringently observed. *Urbach v. Sayles*, 779 F. Supp. 351, 353 (D.N.J. 1991).

"A primary purpose of §1292(b) is to provide an opportunity to review an order when an immediate appeal would 'materially advance the ultimate termination of the litigation.'" *Utah State Dep't. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.1994). The burden is on party moving for certification for interlocutory appeal to show that certification may materially advance ultimate termination of litigation. 28 U.S.C.A. § 1292(b).

## II. ANALYSIS

28 U.S.C. §1292(b) is written in the conjunct, which requires that each element of the above 4 pronged test be met in order to establish eligibility for interlocutory appeal. *Arennholz v. Board of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000). As the defendants have failed to show that such an appeal would materially advance the ultimate termination of the litigation, the Court need not conduct an inquiry into the remaining three prongs of the analysis.

In certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292 (b), the district judge must find that the interlocutory appeal may materially advance the ultimate termination of the

litigation. 28 U.S.C. § 1292 (b). "A primary purpose of §1292(b) is to provide an opportunity to review an order when an immediate appeal would 'materially advance the ultimate termination of the litigation.'" *Utah State Dep't. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.1994). This reflects the policy that interlocutory review will be granted only in extraordinary cases where a decision might avoid protracted and expensive litigation. *Note, supra,* at 611; 4 AM. JUR. 2d *Appel. Rev.* § 129 (1995). If it appears that interlocutory appeal will delay a trial, rather than expedite or eliminate it, the district court should not grant leave to appeal. *Kliban v. United States,* 65 F.R.D. 6 (D. Conn. 1974).

The determination of whether an interlocutory appeal may materially advance the ultimate termination of litigation turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial and the nature and scope of the requested relief. *Federal Dist. Ins. Corp. v. First Nat'l Bank,* 604 F. Supp. 616 (D. Wis. 1985). Certification is inappropriate where all substantive motions have been decided, discovery is completed and the case is ready for trial. *Rottmund v. Continental Assurance Co.,* 813 F. Supp. 1104, 1112 (E.D. Pa. 1992); *Caldwell v. Seaboard Coastline Railroad*, 435 F.Supp. 310, 312 (W.D.N.C.1977); *Lorentz v. Westinghouse Elec. Corp.*, 472 F.Supp. 954, 956 (W.D.Pa.1979).

Defendants argue that an immediate appeal from the Court's November 20, 2001 Memorandum Opinion and Order would materially advance the ultimate termination of the litigation. However, discovery is complete and the case is ready to go to trial. This case was set for trial in December 2001, but this Court's calendar required rescheduling of that trial date to

March 4, 2002. Furthermore, Defendants' argument that interlocutory appeal would significantly shorten the trial and potentially remove complex litigation issues is also without merit. The trial estimate has been stated by the parties to be a mere four days. Given this procedural posture, an appeal at this stage would serve to protract the litigation process, not expedite it.

Courts have routinely held that where a case is ready for trial, an interlocutory appeal will only result in delay. It is unlikely that an appeal will be completed in advance of the trial date. Accordingly, this Court finds that granting an interlocutory appeal at this late stage would delay, rather than advance, the ultimate termination of the litigation and is, therefore, inappropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Certify for Interlocutory Appeal filed December 3, 2001 **[Doc. No. 60]** is hereby **DENIED.**

**DATED** this 28th day of January, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

<u>Attorney for Plaintiff</u>
Paul Kennedy, Mary Y.C. Han

<u>Attorney for Defendant</u>
S. Charles Archuleta