law strongly suggests that Plaintiff's failure to name Defendant Allison in her NMHRA claim is a jurisdictional issue under New Mexico law. *Luboyeski* at 382; *Mitchell-Carr* at 20. "A jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even *sua sponte* by the appellate court." *Armijo v. Save 'N Gain,* 108 N.M. 281, 282 (Ct. App. 1989). Therefore, although Defendants have raised this motion on the eve of trial, this Court must determine whether exhaustion has occurred in order to determine whether it may preside over this matter. Having found that Plaintiff failed to exhaust her administrative remedies against Dr. Allison, this Court lacks subject matter jurisdiction to hear her claims under the NMHRA.

Finally, thorough review of the Plaintiff's Charge of Discrimination shows that Plaintiff fails to make reference to the NMHRA at all. Therefore, even if the Court were to find some exception to Plaintiff's failure to name Dr. Allison in his individual capacity in her charge of discrimination, she did not charge either Dr. Allison or the Board of Education with violations of the NMHRA, thereby failing to exhaust her administrative remedies against either defendant. Thus, Plaintiff's NMHRA claims against both defendants must be dismissed.

V.     *Motion to Disqualify Keleher & McLeod, P.A.*

Defendant Bradford Allison filed a Motion to Disqualify Keleher & McLeod, P.A. on March 6, 2002 **[Doc. No. 104].** The motion argues that Keleher & McLeod, P.A.'s prior joint representation of the two defendants in this case renders continued representation of APS impermissible under New Mexico Rule of Professional Conduct 16-107, as a conflict of interest has arisen between the defendants. However, as the NMHRA claims have been dismissed and Dr. Allison is no longer a party to this suit, no conflict of interest exists. Therefore, the Motion to Disqualify Keleher & McLeod, P.A. will be denied as moot.

12

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Bradford Allison's Motion for Summary Judgment **[Doc. No. 103]** is hereby **GRANTED.** Plaintiff's NMHRA claims against the Defendant Board of Education and the Defendant Bradford Allison are hereby **DISMISSED.** Defendant Allison is hereby **DISMISSED** as a party to this lawsuit. Defendant Allison's Motion to Disqualify Keleher & McLeod, P.A **[Doc. No. 104]** and the Motion to Vacate, Motion for Reconsideration of Prior Motion to Vacate, and to Clarify Dismissal of Defendant Bradford Allison **[Doc. No. 87]** are **DENIED AS MOOT.**

Dated this 27th day of March, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>
Paul Kennedy, Mary Y.C. Han

<u>Attorney for Defendant</u> (Board of Education)
S. Charles Archuleta

<u>Attorney for Defendant</u> (Dr. Allison)
Christopher Moody
Danny Jarrett
Anthony G. Scariano