IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH A. KELLER,

        Plaintiff,

vs.                                                     CIV-00-1667 MV/LFG-ACE

BOARD OF EDUCATION OF THE CITY
OF ALBUQUERQUE, NEW MEXICO and
BRADFORD ALLISON,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Bradford Allison's Motion for Summary Judgment, filed March 6, 2002 **[Doc. No. 103],** and upon Defendant APS' Motion to Vacate, Motion for Reconsideration of Prior Motion to Vacate, and to Clarify Dismissal of Defendant Bradford Allison **[Doc. No. 87].** The Court having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion for Summary Judgment **[Doc. No. 103]** is well taken and will be **GRANTED.** All claims against Dr. Allison are hereby **DISMISSED**, and all claims under the NMHRA are hereby **DISMISSED.** Defendant Allison's Motion to Disqualify Keleher & McLeod, P.A **[Doc. No. 104]** and the Motion to Vacate, Motion for Reconsideration of Prior Motion to Vacate, and to Clarify Dismissal of Defendant Bradford Allison **[Doc. No. 87]** will therefore be **DENIED AS MOOT.**

1

**BACKGROUND**

As this is Defendant's motion for summary judgment, the facts will be construed in the light most favorable to the plaintiff. Plaintiff Dr. Judith Keller filed a charge of discrimination with the EEOC and the New Mexico Human Rights Division on June 11, 1999, charging that she has been discriminated against in violation of Title VII of the Civil Rights Act of 1964 because of her sex, the Age Discrimination in Employment Act because of her age, and the Americans with Disabilities Act of 1990, as amended, because she is regarded as having a disability. The charge of discrimination does not make mention of the NMHRA. Albuquerque Public Schools is named as the agency that discriminated against Dr. Keller, but Defendant Bradford Allison is not charged individually. The charge of discrimination does, however, mention Defendant Allison in his capacity as superintendent in the body of the charge.

Plaintiff brought this action against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico, in October 2000. The matter was removed to Federal Court pursuant to 28 U.S.C. § 1441(c). Plaintiff's complaint seeks damages under Title VII ("Title VII") of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e-2, and 2000e-5, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12117, 12132, 12133, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 and 626, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, the New Mexico Human Rights Act ("NMHRA") N.M. Stat. Ann. §§ 28-1-1 *et seq.*, and state contract law.

On February 13, 2002, the firm of Keleher & McLeod filed a motion to withdraw as counsel for Defendant Bradford Allison **[Doc. No. 86]**, on the basis that a dispute had arisen

2

between Defendant Allison and Defendant Board of Education of the City of Albuquerque (herein after "APS"). On that same day, defendants filed a Motion to Vacate **[Doc. No. 87]**, in which they asserted that Plaintiff Dr. Keller had failed to exhaust her administrative remedies under the NMHRA prior to filing this lawsuit. The alleged failure to exhaust would require dismissal of Defendant Allison from this lawsuit. This issue was raised for the first time in the motion to vacate by titling the motion "Motion to Vacate, Motion for Reconsideration of Prior Motion to Vacate, and to Clarify Dismissal of Defendant Bradford Allison." The deadline for filing motions in this case was set as July 20, 2001. In their amended answer to Plaintiff's complaint, Defendants' Third Affirmative Defense is that "Plaintiff has failed to exhaust administrative remedies, or to follow required administrative procedures prior to filing suit or serving Defendants." **[Doc. No. 4].**

On February 25, 2002, this Court granted the request for separate counsel and rescheduled the trial date for April 15, 2002, with jury selection on April 1, 2002 **[Doc. No. 101]**. At that hearing, this Court also requested further briefing on the issue of administrative exhaustion. Defendant Bradford Allison filed a Motion for Summary Judgment **[Doc. No. 103]**, and briefing on the issue of administrative exhaustion was completed on March 20, 2002. On March 6, 2002, Defendant Bradford Allison, through his newly appointed counsel, filed a Motion to Disqualify Keleher & McLeod, P.A. **[Doc. No. 104]**, on the basis that their continued representation of APS is now impermissible, as APS and Allison are now adverse parties and Keleher & McLeod, P.A. is in breach of Rule 16-107 of the New Mexico Rules of Professional Conduct. Briefing on that issue was completed on March 22, 2002.

The Plaintiff claims that Bradford Allison misled her into believing that it was the Board of

3

Education, not he, who initiated her demotion, and that these actions prevented her from filing her charge of discrimination against Dr. Allison individually. In the alternative, Dr. Keller argues that Ms. Johnson, the employee of the EEOC who assisted Dr. Keller in filing her grievance, failed to specifically name Dr. Allison in the charge, despite Dr. Keller having informed Ms. Johnson that she was seeking to exhaust her remedies against the Board and Dr. Allison under all the laws that applied. Plaintiff also argues that through the course of this litigation, Defendant Allison was placed on constructive notice of the NMHRA claims against him and, as such, exhaustion was accomplished by the plaintiff. Finally, Plaintiff raises the procedural defense of waiver of administrative exhaustion, arguing that this summary judgment motion is untimely and should be dismissed on those grounds.

## STANDARDS

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the Court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The moving party bears the initial burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the moving party meets this burden, Rule 56(e) "requires the

4

nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *see Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's position. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law.

## DISCUSSION

I.   *NMHRA Exhaustion under New Mexico Law*

This issue involves appropriate application of New Mexico statutes. The Tenth Circuit "has consistently held that when the interpretation of state law is involved, the federal courts must first determine whether the state courts have expressly passed on the issue and, if so, such decision or decisions provide clear precedence." *Mitchell v. King*, 537 F.2d 385, 389 (10th Cir. 1976). The federal court is bound by the state court's interpretation of specific state law. *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1191-1192 (10th Cir. 2000).

Compliance with the grievance procedure of the Human Rights Act is a prerequisite to suit

under the Act. *Jaramillo v. J.C. Penny Co.*, 102 N.M. 272 (Ct. App. 1985)**.** "[I]ndividual defendants cannot be sued in district court under the [NMHRA] unless and until the complainant exhausts her administrative remedies against them." *Luboyeski v. Hill,* 117 N.M. 380, 382 (1994) (citing *Jaramillo*). The New Mexico Supreme Court has held that when a plaintiff files a charge of discrimination and names only the agency that employs her, she has failed to exhaust her administrative remedies against any unnamed individuals who may have discriminated against her. *Mitchell-Carr v. McLendon*, 127 N.M. 282, 286 (1999); *Sonntag v. Shaw*, 130 N.M. 238, 243 (2001). This Court is bound by New Mexico state court decisions that have held that failure to name a defendant deprives the Court of subject matter jurisdiction over an NMHRA claim against that defendant. *Mitchell* at 389; *see Angel Fire Corp. v. C.S. Cattle Co. (In re Angel Fire Corp.)*, 96 N.M. 651, 652, 634 P.2d 202, 203 (1981) ("Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with."), *accord McBride v. Citgo Petroleum Corp.,* 2002 WL 244840 (10th Cir. Feb 21, 2002) (dismissal of ADA claim appropriate because "exhaustion of administrative remedies [is] necessary to establish subject matter jurisdiction.")

Dr. Keller argues that her failure to name Dr. Allison individually is not a fatal error with regard to her NMHRA claim for four reasons. First, she argues that Dr. Allison constructively prevented her from filing a charge against him individually by misleading her into believing that it was the Board of Education, not he, who was seeking her demotion. Second, Dr. Keller cites federal case law for the proposition that Dr. Allison was effectively put on notice that he was subject to suit under the NMHRA for his individual actions. Third, she argues that the EEOC employee who assisted in the filing of the charge is culpable for failing to add Dr. Allison as a

named party to the charge. Finally, Dr. Keller claims that the time period within which the Defendants should have raised this issue has long since passed, and that they have constructively waived the issue of administrative exhaustion.

I.      *Defendant Allison's Alleged Misrepresentations*

The New Mexico case law addressing failure to name individuals in the charge of discrimination has not addressed the issue of misleading the plaintiff into filing against other parties. However, the NMHRA does require that the Plaintiff file her charges within 180 days of the unlawful act. Plaintiff has been aware since at least the inception of the present lawsuit that her claim is not just against the Board of Education, but against Dr. Allison as well. Therefore, whether she was initially misled is not relevant. The New Mexico Supreme Court has been silent on whether equitable tolling applies to the exhaustion requirements of the NMHRA. Even if equitable tolling were to apply for the time during which she was allegedly misled, Dr. Keller failed to charge Dr. Allison under the NMHRA in his individual capacity within 180 days of learning that she had been discriminated against by him as well as by APS.

II.     *Constructive Notice to Dr. Allison*

Next, Dr. Keller argues that Defendant Allison was on constructive notice that he was being charged under the NMHRA. The New Mexico Supreme Court has made no mention of constructive notice in the case law addressing administrative exhaustion. Nor does such justification for failure to name individuals in the charge exist within the NMHRA itself. In support of her proposition, Plaintiff cites cases which hold that when a defendant is constructively on notice despite not having been named in the underlying administrative procedure, he or she is still a proper party to the lawsuit. See *Londree v. Crutchfield Corp.*, 68 F.Supp.2d 718, 724-725

7

(W.D. Va 1999); *Bapat v. Connecticut Dep't of Health Services*, 815 F.Supp. 525, 530 (D. Conn. 1992). Plaintiff argues that since the inception of this lawsuit in October 2000, the charges have been alleged against the plural "defendants," and that only two defendants exist in this case, Dr. Allison and APS. Dr. Keller cites the case of *Londree v. Crutchfield Corp.*, 68 F.Supp.2d 718, 724-725 (W.D. Va 1999), asserting that Dr. Allison was sufficiently aware of his status as being charged under the NMHRA for exhaustion purposes. In *Londree,* the Western District of Virginia found that the unnamed defendants should not be dismissed from a Title VII action for failure to exhaust administrative remedies where they were "mentioned in the particulars of the complaint," despite not having been named in the appropriate space. The court reasoned that "[a]s a result of being named in the body of the charge, these defendants at some point had to become aware that their behavior toward the plaintiff might trigger a Title VII suit in which they could be named parties."[1]

Such federal authority is "persuasive authority" and "instructive" and provides "guidance" regarding interpretation of state statutes. S*ee Garcia-Montoya v. New Mexico Treasurer's Office*, 130 N.M. 25, 40 (2001), *Cates v. Regents of the New Mexico Institute of Mining & Tech.*, 124 N.M. 633, 637 (1998), *Martinez v. Yellow Freight Sys., Inc.*, 113 N.M. 366, 368 n.3 (1992). However, the New Mexico case law on this matter appears to be less lenient. The facts before this Court are analogous to those in *Luboyeski v. Hill*, 117 N.M. 380. In that case, Luboyeski "filed a complaint with the Division, naming the School System as respondent and claiming that Kermit Hill, another teacher at the school where Luboyeski taught, had touched and made

---

[1] The Court ultimately dismissed the defendants, as Title VII, unlike the NMHRA, does not permit suits against individual defendants. *Id.* at 724-25.

8

advances toward her in sexually inappropriate ways. She also alleged that Dilg, the principal, and Ortiz, the vice-principal, did not take appropriate action against Hill. . ." 117 N.M. at 381. Following the Division's determination of no probable cause, Luboyeski sued the School System, Hill, Dilg and Ortiz, the three individuals referenced in the body of the charge, in the district court pursuant to the Human Rights Act. *Id.* On the basis of this factual record, the Supreme Court of New Mexico found that the plaintiff had failed to exhaust her administrative remedies against the individual defendants. *Id.* at 382-83. Given the similarity between the facts of *Luboyeski* and the present case, this Court declines to rely on federal case law that would produce an outcome incongruent with New Mexico Supreme Court interpretation of the exhaustion requirements in the NMHRA.

Plaintiff also argues that Dr. Allison should have been on notice because, *inter alia,* his interests and the interests of the named party are "so similar ... that omitting the unnamed party from the [NMHRA] proceeding would not have impeded conciliation efforts." *Bapat v. Connecticut Dep't of Health Services*, 815 F. Supp. 525, 530 (D. Conn. 1992). Other federal courts have recognized this and other assuagement of the exhaustion requirement under the "identity of interest" exception. Again, these propositions cannot be harmonized with the holdings of *Luboyeski*, *Sontag* and *Mitchell-Carr*, which provide a strict definition of compliance with exhaustion requirements, and do not make such concessions for "identity of interest."

III.    *EEOC Responsibility for Failure to Exhaust*

Next, Plaintiff argues that any failure to exhaust that may exist is due to the oversight of the EEOC itself, and cannot be attributed to the Plaintiff. On June 11, 1999, Dr. Keller went to the EEOC and met with Kathlyn Johnson, an EEOC investigator. Ms. Johnson typed the charge

9

of discrimination form which omits Dr. Allison. Plaintiff places culpability for this omission, at least in part, on Ms. Johnson. However, Dr. Keller goes on to state that Ms. Johnson's inaction is understandable given that Ms. Johnson's area of expertise is with federal law, which does not allow filing charges of discrimination against individuals; Ms. Johnson is a federal employee in a work-share agreement with the State of New Mexico. Dr. Keller states in her affidavit that she approached the EEOC with the intent to preserve her remedies against both APS and Dr. Allison, and that she relied on Ms. Johnson to fill out the form in a manner that reflected this preference. The Court notes that Defendant Board of Education has obtained a letter from the Albuquerque EEOC office, which states that "[i]t is the policy of the Albuquerque District Office of the Equal Employment Opportunity Commission to permit a charging party to file against an individual, as well as the employer, when the charging party or the charging party's attorney request."

The New Mexico Supreme Court has not addressed the issue of comparative fault of the EEOC in failure to exhaust. Plaintiff notes that several federal courts have addressed the issue of EEOC error serving some role in a plaintiff's failure to exhaust. *Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522 (11th Cir. 1991); *Bracey v. Helene Curtis, Inc.*, 780 F. Supp. 568 (N.D. Ill. 1992); *Brown v. Enzyme Development Div. of Biddle Sawyer Corp.*, 780 F. Supp. 1025 (S.D.N.Y. 1992); *Salamat v. Village Inn Pancake Houses, Inc.*, 757 F. Supp. 1318, 1319-21 (W.D. Okla 1991). The cases raised by Plaintiff, however, are not analogous to the present case. Each case addresses a plaintiff's failure to bring suit within the 90-day period which follows the issuance of a right to sue letter. Furthermore, the errors committed by the EEOC in each of those cases are far more egregious than Ms. Johnson's action in this case. In *Brown*, the plaintiff received a determination letter, in which she was informed of her right to bring suit within

90 days, and that she should contact their office for further details on the proper approach to filing suit. The letter did not sufficiently inform of the proper courthouse for filing her suit, and the plaintiff called the EEOC three times a week, as well as conducted independent research in order to obtain this information. In *Stallworth*, the EEOC failed to send a right to sue letter to the charging party's attorney, as required by the compliance manual and requested by the attorney. In *Bracy*, the EEOC inserted an erroneous deadline for filing suit in a letter to the charging party. And, in *Salamat*, the EEOC failed to follow its own regulations with regard to notifying the charging party of the status of review of the dismissal of the charges. In each of these cases, the court found that equitable tolling was warranted due to the errors of the EEOC.

Ms. Johnson's actions do not rise to the level of the errors committed by the EEOC in *Brown, Stallworth, Bracy, and Salamat.* Dr. Keller's affidavit does not state that Dr. Keller specifically told Ms. Johnson that she wished to sue Dr. Allison under the NMHRA and that Ms. Johnson counseled her to omit those entries into the charge of discrimination, or simply failed to follow Dr. Keller's instructions. If such facts had been alleged, questions of EEOC culpability may have risen to the level of excusing the failure to exhaust. However, without more, i.e., affirmatively misleading advice, failure to return phone calls, tendering of inaccurate information, this Court does not find that Ms. Johnson's role in the filing of the charge of discrimination warrants excusal of Dr. Keller's failure to exhaust her administrative remedies.

IV.   *Defendant's Waiver of Exhaustion*

Plaintiff also argues that defendant has waived his right to raise exhaustion. The motions deadline in this case was set as July 20, 2001 and Defendant APS raised this issue for the first time in a motion to vacate, filed February 13, 2002. However, New Mexico Supreme Court case

law strongly suggests that Plaintiff's failure to name Defendant Allison in her NMHRA claim is a jurisdictional issue under New Mexico law. *Luboyeski* at 382; *Mitchell-Carr* at 20. "A jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even *sua sponte* by the appellate court." *Armijo v. Save 'N Gain,* 108 N.M. 281, 282 (Ct. App. 1989). Therefore, although Defendants have raised this motion on the eve of trial, this Court must determine whether exhaustion has occurred in order to determine whether it may preside over this matter. Having found that Plaintiff failed to exhaust her administrative remedies against Dr. Allison, this Court lacks subject matter jurisdiction to hear her claims under the NMHRA.

Finally, thorough review of the Plaintiff's Charge of Discrimination shows that Plaintiff fails to make reference to the NMHRA at all. Therefore, even if the Court were to find some exception to Plaintiff's failure to name Dr. Allison in his individual capacity in her charge of discrimination, she did not charge either Dr. Allison or the Board of Education with violations of the NMHRA, thereby failing to exhaust her administrative remedies against either defendant. Thus, Plaintiff's NMHRA claims against both defendants must be dismissed.

V.     *Motion to Disqualify Keleher & McLeod, P.A.*

Defendant Bradford Allison filed a Motion to Disqualify Keleher & McLeod, P.A. on March 6, 2002 **[Doc. No. 104].** The motion argues that Keleher & McLeod, P.A.'s prior joint representation of the two defendants in this case renders continued representation of APS impermissible under New Mexico Rule of Professional Conduct 16-107, as a conflict of interest has arisen between the defendants. However, as the NMHRA claims have been dismissed and Dr. Allison is no longer a party to this suit, no conflict of interest exists. Therefore, the Motion to Disqualify Keleher & McLeod, P.A. will be denied as moot.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Bradford Allison's Motion for Summary Judgment **[Doc. No. 103]** is hereby **GRANTED.** Plaintiff's NMHRA claims against the Defendant Board of Education and the Defendant Bradford Allison are hereby **DISMISSED.** Defendant Allison is hereby **DISMISSED** as a party to this lawsuit. Defendant Allison's Motion to Disqualify Keleher & McLeod, P.A **[Doc. No. 104]** and the Motion to Vacate, Motion for Reconsideration of Prior Motion to Vacate, and to Clarify Dismissal of Defendant Bradford Allison **[Doc. No. 87]** are **DENIED AS MOOT.**

Dated this 27th day of March, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>
Paul Kennedy, Mary Y.C. Han

<u>Attorney for Defendant</u> (Board of Education)
S. Charles Archuleta

<u>Attorney for Defendant</u> (Dr. Allison)
Christopher Moody
Danny Jarrett
Anthony G. Scariano