IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH A. KELLER,

    Plaintiff,

vs.                                                                       CIV No. 00-1667 MV/LFG

BOARD OF EDUCATION OF THE
CITY OF ALBUQUERQUE, NEW
MEXICO, and BRADFORD ALLISON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider Dismissal of NMHRA Claims Against Defendant Board of Education, filed March 28, 2002 **[Doc. No. 131]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.** Plaintiff's NMHRA claims against Defendant Board of Education will be **REINSTATED.**

## BACKGROUND

This case arises from Defendants' removal of Plaintiff Dr. Judith Keller from her position as Assistant Superintendent of Human Resources for the Albuquerque Public Schools ("APS"). Plaintiff's complaint seeks damages under Title VII ("Title VII") of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e-2, and 2000e-5, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12117, 12132, 12133, the Age Discrimination in Employment Act

1

("ADEA"), 29 U.S.C. §§ 623 and 626, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, the New Mexico Human Rights Act ("NMHRA") N.M. Stat. Ann. §§ 28-1-1 *et seq.*, and state contract law. Specifically, Plaintiff alleges that she was removed due to her proximity to retirement, due to her announcement of her diagnosis of breast cancer, and due to her age and gender.

This lawsuit was initially filed against both APS and the Superintendent of Schools, Dr. Bradford Allison. In an Opinion dated March 27, 2002, this Court dismissed the NMHRA claims as to both Dr. Allison and APS. Dr. Allison was then removed as a party to this lawsuit, as he had been sued solely under the NMHRA. Plaintiff now moves this Court to reconsider dismissal of NMHRA claims against Defendant APS on the grounds that the issue was not properly pled by APS, depriving Plaintiff of adequate opportunity to respond to Defendant's argument regarding dismissal of the NMHRA claims against APS. Plaintiff argues that she properly exhausted her administrative remedies against APS.

## ANALYSIS

**I.    STANDARDS**

The Federal Rules of Civil Procedure do not expressly provide for motions to reconsider. *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992)). Rather, where "the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." *Id.* Motions for reconsideration provide the

Court an opportunity to correct manifest errors of law or fact, to review newly discovered evidence, or to review a prior decision when there has been a change in the law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 1998). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider "is not a license for a losing party's attorney to get a 'second bite at the apple'" to make legal arguments that could have been made previously. *Mantle Ranches, Inc. v. U.S. Park Service*, 950 F.Supp. 299, 300 (D.Colo. 1997) (quoting *Johnston v. Cigna Corp.*, 789 F.Supp. 1098, 1101 (D.Colo. 1992)).

II. DISCUSSION

On February 13, 2002 and March 6, 2002, Defendants filed motions for the dismissal of Plaintiff's NMHRA claims against former defendant Dr. Allison, based on failure to exhaust administrative remedies. Defendants never formally filed a motion to dismiss or for summary judgment on Plaintiff's NMHRA claims against Defendant APS. However, on two occasions Defendant APS raised that the administrative charge filed against it neither listed Dr. Allison *nor the NMHRA at all* in the body of the charge. Defendant APS's Brief in Support of Motion to Clarify Dismissal of Defendant Bradford Allison and Defendant Bradford Allison's Motion for Summary Judgment, filed March 13, 2002 **[Doc. No. 107]**, clearly requested "that the NMHRA claims be dismissed against the Board as well as Dr. Allison because of the absence of subject matter jurisdiction. . . . Dr. Keller's administrative charge does not even refer to violation of the New Mexico Human Rights Act at all. . . . This is further and uncontrovertible [sic] evidence that

3

administrative remedies have not been exhausted against either Dr. Allison or the Board of Education." While Plaintiff did not fully brief the matter, she noted that she had received an Order of Non-Determination which allowed her to bring suit in federal court against the Board of Education. (Plaintiff's Response, p.3, fn.1.) While the Court was aware that the issue was not formally raised, review of Plaintiff's Charge of Discrimination filed with the EEOC on June 11, 1999 showed that neither Dr. Allison's name nor the NMHRA itself was listed in the body of the charge. Therefore, in addition to dismissing the NMHRA claims against Dr. Allison, this Court *sua sponte* dismissed the NMHRA claims against APS for failure to exhaust administrative remedies.

Plaintiff's contention that such *sua sponte* dismissal of the claims is inappropriate is without merit, as the issue is one of jurisdiction under New Mexico law. Under New Mexico Law, failure to exhaust impacts subject-matter jurisdiction. *See Mitchell-Carr* at 71 ("As noted above, the exhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and a failure to exhaust administrative remedies may mean that the district court lacks subject-matter jurisdiction")(citations omitted); *Angel Fire Corp. v. C.S. Cattle Co.*, 96 N.M. 651, 652 (1981) ("Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with."). As a jurisdictional matter, administrative exhaustion may be raised *sua sponte*. *Armijo v. Save 'N Gain*, 108 N.M. 281, 282 (Ct. App. 1989) ("A jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even *sua sponte* by the appellate court."). However, it is true that Defendant's request to dismiss all NMHRA claims was not formally raised through the appropriate motions, and that Plaintiff lacked sufficient notice of the need to fully brief the Court on this matter.

4

APS requested dismissal of the NMHRA claims in their entirety in two separate filings with the Court — in their Memorandum Brief in Support of Motion to Clarify Dismissal of Defendant Bradford Allison and Defendant Bradford Allison's Motion for Summary Judgment, filed March 13, 2002 **[Doc. No. 107]**, and again in their Reply in Support of Defendant Allison's Motion for Summary Judgment, filed March 20, 2002 **[Doc. No. 120].** The titles of these documents do not alert the opposing party that argument regarding dismissal of the NMHRA claims against APS would be considered to be formally raised before this Court. Thus, while a motion to reconsider "is not a license for a losing party's attorney to get a 'second bite at the apple'" to make legal arguments that could have been made previously, *Mantle* at 300, it is clear in this case that Plaintiff was not afforded a genuine opportunity to make thorough argument on the issue of administrative exhaustion of the NMHRA claims against APS.

While this Court was permitted to dismiss all NMHRA claims *sua sponte*, Plaintiff now clarifies information regarding the non-determination letter which would have altered the Court's determination of this matter. On June 11, 1999, Plaintiff filed a Charge of Discrimination with the EEOC against the Defendant APS. The Charge itself states that it is filed with both the EEOC and with the New Mexico Human Rights Division ("NMHRD"). The dual filing of the Charge with the NMHRD and the EEOC occurred pursuant to a work-sharing agreement between the two agencies. *See Mitchell-Carr v. McLendon*, 127 N.M. 282, 286 (1999) (discussing work-sharing agreement between EEOC and NMHRD); *Sabella v. Manor Care, Inc.*, 121 N.M. 596 (1996) (same). Pursuant to the work-sharing agreement, a plaintiff may file with either the EEOC or the NMHRD and thereby invoke exhaustion with both agencies. *Id.* at 599. "For the purposes of complying with the 180-day requirement of Section 28-1-10(A) [of the NMHRA], complaints

which are first filed with any duly authorized civil rights agency holding a work-sharing agreement shall be deemed to have been filed with the Human Rights Division. . . Under their work-sharing agreement, the EEOC is an agent of the NMHRD for purposes of filing charges of discrimination pursuant to the NMHRA." *Id.* (citations omitted). In *Sabella,* the court concluded that the plaintiff "timely filed a claim with the EEOC. Hence, she is deemed to have properly filed her complaint with the NMHRD." *Id.* The *Sabella* court, however, did not expressly address the issue of whether the NMHRA must be specifically identified by name, or whether suit under the NMHRA is presumed when filing a Charge of Discrimination with the NMHRD.

In the present case, the Charge of Discrimination form was typed by an EEOC investigator. The form states at the top that the charge is being filed with the EEOC, and allows a blank space to fill in a "State or local Agency, if any" that the Plaintiff wishes file a grievance with. On Dr. Keller's form, the "NM Human Rights Division" was typed in as the State or local agency. It is true that the Charge of Discrimination makes no reference to the NMHRA. However, the fact that the NMHRD is named means that there is no need to specifically name the NMHRA. The Order of Non-Determination itself provides evidence that this is the intent of the work- sharing agreement between the EEOC and the NMHRA. On October 17, 2000, the NMHRD issued an Order of Non-determination, which stated that Plaintiff had exhausted her administrative remedies against the Defendant Board under the NMHRA. That Order states in pertinent part:

> As authorized by Section 28-1-10(D) of the New Mexico Human Rights Act and the Work sharing Agreement between the Equal Employment Opportunity Commission and the New Mexico Human Rights Division, this letter constitutes an Order of Nondetermination as to your complaint. In accordance with Mitchell-Carr . . . this Letter of Nondetermination is issued to afford you the

right to pursue your complaint under the Human Rights Act in state district
court.

The Order is addressed to the Plaintiff, and is titled "ORDER OF NONDETERMINATION . . .

RE: Keller v. Albuquerque Public Schools, EEOC # 390990668." The Order makes no mention

of Plaintiff's failure to specifically name the NMHRA in the body of the charge. While the court

in *Mitchell-Carr*, like *Sabella*, did not directly address whether a plaintiff must specifically name

the NMHRA in an EEOC/NMHRD charge, it did observe that "[a]n order of non-determination

signals that the person who filed the complaint has fully complied with the NMHRA grievance

procedures and may proceed to court." *Mitchell-Carr,* 127 N.M. at 287. Dr. Keller received

such an Order from the NMHRD, and is thus deemed to have exhausted her remedies under the

NMHRA.

Finally, the primary concern of the exhaustion doctrine is whether the opposing party

received adequate notice of the charge against them, and received an opportunity to participate in

potential administrative remedies before defending suit in district court. There is no evidence that

Defendant Board of Education lacked such access to administrative procedure due to lack of

notice. The Order of Non-determination, which clearly states that suit under the NMHRA is

possible, was sent to Respondent APS on October 17, 2000. Thus, APS will not suffer prejudice

from this ruling.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Dismissal of

NMHRA Claims Against Defendant Board of Education, filed March 28, 2002 **[Doc. No. 131]** is

**GRANTED.** Plaintiff's NMHRA claims against Defendant Board of Education **are hereby REINSTATED.**

**DATED** this 8th day of April, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff
Paul Kennedy, Mary Y.C. Han

Attorney for Defendant (Board of Education)
S. Charles Archuleta