IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH A. KELLER,

    Plaintiff,

vs.                                                                                                   CIV No. 00-1667 MV/LFG

BOARD OF EDUCATION OF THE
CITY OF ALBUQUERQUE, NEW
MEXICO, and BRADFORD ALLISON,

    Defendants.

## CLARIFICATION OF MEMORANDUM OPINION AND ORDER DATED NOVEMBER 20, 2001

In reviewing the proposed jury instructions submitted by the parties in this case, it has come to the Court's attention that there exists some confusion regarding the scope of this Court's dismissal of Plaintiff's claims under §1983 on the basis of qualified immunity and preemption. This document is issued in order to clarify that matter, as presented in the Memorandum Opinion and Order dated November 20, 2001.

School officials, including school board members, have been held to enjoy qualified immunity. *See, e.g., Harlow v. Fitzgerald,* 457 U.S. 800 (1982). The scope of this immunity, however, only extends to individuals, and not to municipal entities. Municipal entities, unlike individuals, are not entitled to qualified immunity. <u>Owen v. City of Independence</u>, 445 U.S. 622 (1980) (municipal entities not entitled to qualified immunity). The Board of Education of the City of Albuquerque is a municipal entity. Therefore, the scope of this Court's dismissal of the §1983

claims based on qualified immunity was only to then-Defendant Bradford Allison, and to the School Board Members in their individual capacities.

The November 20, 2001 Memorandum Opinion and Order also addressed the issue of whether 42 U.S.C. § 1983 claims could proceed in tandem with claims under the Americans with Disabilities Act ("ADA") or the Age Discrimination in Employment Act ("ADEA") or Title VII. In that Opinion, this Court found that claims under §1983 are preempted by claims under the ADEA, but that §1983 equal protection claims were not preempted by Title VII or the ADA. *Keller v. Board of Education of the City of Albuquerque, N.M.,* 182 F. Supp.2d 1148, 1159-61 (D.N.M. 2001). Therefore, the equal protection claims against the Board of Education has survived to this extent.

Discovery in this case was complete on July 31, 2001. The Court's Memorandum Opinion and Order granting summary judgment in part, and denying all other claims, was issued on November 20, 2001. Thus, Defendant had adequate time to prepare its defense to the §1983 claims and will not be prejudiced by this clarification.

**DATED** this 15th day of April, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff
Paul Kennedy, Mary Y.C. Han

Attorney for Defendant (Board of Education)
S. Charles Archuleta